**E-FILED**
Friday, 21 January, 2011  08:36:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHARLES V. RICARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-cv-1215 |
| | ) |
| RICARDO RIOS, | ) |
| | ) |
| Respondent. | ) |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus filed by Petitioner, Charles V. Ricard (Doc. 1) and the Motion to Dismiss filed by Respondent, Ricardo Rios (Doc. 5). The Motion to Dismiss is GRANTED and the Petition is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Petitioner currently is confined at the Federal Correctional Institution in Pekin, Illinois, as a result of a Military Court-Martial which found him guilty of murder and which imposed a sentence of life (which was reduced to 99 years) on August 8, 1990. Petitioner appealed his sentence and conviction before the Court of Military Appeals which affirmed his conviction.

While not mentioned by Petitioner, on February 20, 1996, the denial of a §2241 Petition filed by Petitioner, which alleged due process violations related to the Court-Martial, was affirmed by the Tenth Circuit Court of Appeals. *Ricard v. Lowe*, 77 F.3d 493 (10th Cir. 1996) (table).

Petitioner also filed a subsequent § 2241 Petition in District Court for the District of Columbia, *Ricard v. Secretary of the Army*, 1:10-cv-242, which was subsequently transferred to this District (our case number 10-cv-1066), in which he alleged that he was illegally confined "with foreign nationals and enemy combatants" in violation of military regulations. District Judge Michael M. Mimm dismissed the Petition on April 1, 2010. Judge Mihm found that § 2241 was not the proper vehicle to challenge the location of confinement and that Petitioner should have brought his claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). No appeal of his decision was filed.

In the Petition before this Court, Petitioner now alleges that he is "illegally confined" and that he seeks "immediate release." Notwithstanding this statement of his claim, Petitioner still asserts that he is "confined with foreign nationals and enemy combatants" in violation of military law. Petitioner is not challenging his underlying conviction and sentence.

## DISCUSSION

Title 28 U.S.C. § 2241 is an appropriate method to challenge the fact and duration of confinement where Petitioner is incarcerated in violation of the Constitution or laws or treaties of the United States. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). However, if Petitioner is merely seeking a change in location or environment, his claim, as a federal inmate, must be brought pursuant to *Bivens*.

*Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002).

In light of Judge Mihm's decision on his previously filed § 2241 Petition, Petitioner has artfully stated that he seeks immediate release, in an attempt to bring this Petition within the ambit of § 2241. It is clear, however, that Petitioner is not in fact challenging his confinement but merely has an objection to being confined with persons he describes as "enemy combatants." Such a claim is related to the location of his confinement, must be brought under civil rights laws, and must be accompanied by the $350.00 filing fee. This Petition is therefore DISMISSED WITHOUT PREJUDICE.


Entered this 20th day of January, 2011

s/ Joe B. McDade  
JOE BILLY MCDADE  
United States Senior District Judge